UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS SKRINE

       Plaintiff,

v.                                                                      Civil Case No. 12-12916
                                                                     Honorable Patrick J. Duggan

WELLS FARGO BANK, N.A.,

       Defendant.
_____/

**OPINION AND ORDER (1) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (ECF NO. 3) AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 9)**

      In the last several years, this Court has adjudicated numerous lawsuits filed by homeowners attempting to set aside the sales of their homes via foreclosure proceedings. The plaintiffs in those actions have asserted various unsuccessful theories to challenge the foreclosure proceedings and claim superior title to the property. In most cases, despite the fact that many plaintiffs proceeded *pro se*, the Court has been able to discern the theories asserted. That is not the case in the current action, even though Plaintiff is represented by counsel. Further, Plaintiff's home has not been the subject of foreclosure proceedings. The parties agree that he is, and always has been, current on his mortgage payments. Nevertheless, Plaintiff has come to the courts seeking to invalidate, set aside, or extinguish the mortgage on his property. As Plaintiff fails to set forth a coherent argument as to why he is entitled to such relief, the Court grants Defendant's pending

motion to dismiss Plaintiff's Amended Complaint.[1]

## Factual and Procedural Background

On October 4, 2006, Plaintiff obtained a mortgage loan from Atlas Mortgage Company, LLC ("Atlas") in the amount of $147,000.00 related to real property on Pleasantview Street in Lake Orion, Michigan ("Property").  (Def.'s Mot. Ex. 1; Pl.'s Am. Compl. ¶¶ 7, 11.)  On that date, Plaintiff executed a promissory note ("Note") promising to re-pay the loan, plus interest.  (*Id.*)  The Note identifies Atlas as the lender.  (*Id.*)  As security for the loan, Plaintiff also executed a mortgage on the Property.  Mortgage Electronic Registration Systems, Inc. ("MERS"), "as a nominee for Lender and Lender's successors and assigns," is identified as the mortgagee.  (Def.'s Mot. Ex. 2; Pl.'s Am. Compl. ¶ 11.)  The Mortgage also identifies Atlas as the lender.  (Def.'s Mot. Ex. 2.)  The Mortgage was recorded in the Oakland County Register of Deeds on November 14, 2006.  (*Id.*)

At some point in time, Defendant became the servicing agent.  (*See* Def.'s Mot. Ex. 3.)  There is no dispute that Plaintiff has timely made the monthly payments due on the loan.  (*See* Def.'s Br. in Supp. of Mot. 3; Pl.'s Resp. Br. at 6.)

On June 5, 2012, Plaintiff filed a complaint against Defendant in the Circuit Court for Oakland County, Michigan.  In his initial complaint, Plaintiff asserted claims for declaratory judgment and quiet title.  Defendant removed Plaintiff's complaint to federal

---

[1]Because Plaintiff filed an Amended Complaint, the Court is denying as moot the motion to dismiss that Defendant filed with respect to Plaintiff's initial complaint.

court on the basis of diversity jurisdiction on July 3, 2012, and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) one week later. In response, Plaintiff filed an amended complaint on July 30, 2012.

Plaintiff's Amended Complaint asserts one count to quiet title to the Property. Plaintiff alleges in his Amended Complaint that "[t]he Skrine Mortgage was securitized." (Pl.'s Am. Compl. ¶ 16.) Plaintiff asserts that "Defendant, either currently or at some point, alleges an interest in the Property as mortgagees [sic] with the right to foreclose and terminate or cause to be terminated Plaintiff's interest in the Property." (Pl.'s Am. Compl. ¶ 35.) Plaintiff further asserts that the mortgage is invalid, alleging:

> The mortgage interest in the Property claims [sic] by Defendant or any party as of yet unnamed but who may be named in this case following discovery are invalid for one or more of the following reasons:
>
> A. During the securitization process, the security interest (mortgage) was severed from the note rendering the mortgage invalid;
>
> B. The endorsement in blank did not create a valid security interest and thus the mortgage, in its original form or as assigned, is invalid;
>
> C. The initial recording of the mortgage by MERS invalidates any security interest as it relates to foreclosure and improper title exists for any current security interest due to the initial recording being made by MERS;
>
> D. Violations of the pooling agreement in the underlying trust have severed the mortgage from the note invalidating the security interest;
>
> E. Defendants and other unnamed parties have violated Articles 3 and 9 of the Uniform Commercial Code as adopted in Michigan invalidating the security interest, i.e., the mortgage on the Property; and
>
> F. Other acts of the Defendant and unnamed parties that become known through ongoing discovery.

(*Id.* ¶ 36.)

Defendant responded to the Amended Complaint by filing a second Rule 12(b)(6) motion on August 13, 2012. The motion has been fully briefed. The Court does not believe that oral argument will aid in its disposition of the motion and therefore it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

## Standard for Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 668 , 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-65).

**Analysis**

In his pleadings, Plaintiff essentially is asking the Court to rescind the mortgage and declare that he holds title to the Property free and clear of any encumbrances. He is not entitled to such relief. Plaintiff acknowledges that he executed the Note and Mortgage and received the loan proceeds. He has not alleged that he has paid the full amount due under the Note. Finally, he alleges no basis to rescind the Note or Mortgage. The only coherent arguments Plaintiff makes in his pleadings to challenge the Note and/or Mortgage relate to severance of the Note from the Mortgage and securitization of the loan. Neither argument, however, states a valid challenge to the interests of the

noteholder or the mortgagee (which, in any event, do not appear to be Defendant).[2] *See Leone v. Citigroup, Inc.*, No. 12-10597, 2012 WL 1564698, at *3-4 (E.D. Mich. May 2, 2012) (collecting cases).

As such, the Court agrees with Defendant that Plaintiff fails to state a claim upon which relief may be granted and is granting Defendant's motion to dismiss. In the motion, Defendant seeks attorney's fees pursuant to 28 U.S.C. § 1927. The Court declines to impose sanctions against Plaintiff's counsel at this time.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Dismiss (ECF No. 3) is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 9) is **GRANTED**.

Dated:October 24, 2012                         s/PATRICK J. DUGGAN

---

[2]Notably, Plaintiff's failure to name the noteholder or mortgagee as a defendant renders his challenge to either instrument in this action subject to dismissal. With respect to Defendant, Plaintiff does allege in the Amended Complaint that "Defendant, either currently or at some point, alleges an interest in the Property as mortgagees [sic] with right to foreclose and terminate or cause to be terminated Plaintiff's interest in the Property." (Pl.'s Am. Compl. ¶ 35.) However, the issue of whether Defendant has the right to foreclose is not ripe, as there has neither been a default nor the initiation of foreclosure proceedings with respect to the Property. Should foreclosure proceedings be instituted at some point in the future, Plaintiff can, at that time, challenge the right of the foreclosing party to institute such proceedings. The Court notes, however, that under Michigan law, Defendant may initiate foreclosure by advertisement proceedings as the servicing agent of the mortgage. *See* Mich. Comp. Laws § 6003204(1)(d).

                UNITED STATES DISTRICT JUDGE

Copies to:
Patrick J. Politano, Esq.
Lori McAllister, Esq.
Michael J. Blalock, Esq.
Brandon M. Blazo, Esq.